■ In the Matter of the Claim of RALPH CLARK, Respondent, v. J. S. S. REALTY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of benefits by the Workmen's Compensation Board on the ground that the accident involved did not arise out of and during the course of employment. On December 21, 1963 at about 8:00 P.M. after taking out the garbage from the building of the employer, the claimant who, it appears, had secreted some of his money behind the elevator in the basement where he slept, in attempting to retrieve it, slipped on an oil slick and had his right arm caught between the elevator cable and the elevator car sustaining injuries which resulted in amputation of the right arm. On its application for board review the appellants raised only the issues of employment and continued disability beyond January 9, 1964. However, before the board appellants for the first time sought to inject the question of accidental injury but the board held that since it was not raised in the application for review it was not before them and accordingly we assume did not pass thereon in its review. Thus since the issue was not raised upon the application for board review nor determined by the board it is not properly before us (e.g., *Matter of Galvez* v. *Gold Coast Enterprises,* 23 A D 2d 600 and cases cited therein). Moreover, even if we were to assume that the question of accidental injury was passed on by the board and thus was properly before us there is substantial evidence in the record on which the board could find that claimant's residence on the employment premises was a convenience and benefit to the employer and that, therefore, though his act of getting his money from a hiding place near the elevator in the basement may have been a personal activity, it was a normal activity on the premises and as such properly held compensable by the board (*Matter of Behan* v. *County of Onondaga,* 26 A D 2d 609, mot. for lv. to app. den. 18 N Y 2d 579; *Matter of Hubbard* v. *Marsh,* 26 A D 2d 718; *Matter of Galvez* v. *Gold Coast Enterprises, supra*). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Staley, Jr., JJ., concur; Taylor, J., not voting.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RENE J. PILON and WILLIE DUPUIS, Appellants.— Motions for permission to proceed as poor persons granted, without prejudice to an application by appellants to the court before whom the proceedings were heard to be furnished, without charge, copy of the transcript of the minutes of the trial. The appeals may be perfected upon one typewritten copy of the record and six typewritten copies of the brief and appendix. Appellants have specifically waived assignment of counsel upon the appeals. (See *United States ex rel. Maldonado* v. *Denno,* 348 F. 2d 12.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

■ In the Matter of the Accounting of FIRST-CITY NATIONAL BANK OF BINGHAMTON, as Trustee of Express Trusts Created by HENRY C. F. STAUNTON and Another. JOHN J. STAUNTON et al., Appellants; FIRST-CITY NATIONAL BANK OF BINGHAMTON, as Trustee, Respondent.— Motion for admission *pro hac vice* denied, without costs. (See *Matter of Staunton,* 25 A D 2d 460.) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.