■ In the Matter of the Claim of ANN SALIBENE, Appellant, v MARIO PAPA AND SONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 13, 1978, which denied a request for penalties to be levied against the employer/carrier for late payments of awards. Claimant was granted an award of $4,870.40 with payments of $32 per week by the Administrative Law Judge on March 29, 1976. The employer/carrier appealed the award on April 19, 1976 to the board. On December 22, 1976, the board modified the Administrative Law Judge's decision and found permanent partial disability to result in $20 a week reduced earning rate and the award was modified to $3,104. Additional counsel fees of $150 were ordered to be paid to claimant's attorney. The carrier paid the award on February 1, 1976. Claimant sought a hearing before the board in which she requested that a penalty of 20% be imposed for the award made by the Administrative Law Judge of $4,870.40 because payment was not made to claimant within 10 days (Workers' Compensation Law, § 25, subd 3, par [c]). Claimant also requested a second penalty because the award made by the board on December 22, 1976 was not paid until February 1, 1977. The board found: "that the carrier's action was proper in that an appeal was timely filed pursuant to Section 23 [of the Workers' Compensation Law], the payments were paid pursuant to the Board's direction and that there is no basis for a penalty". We agree with the finding of the board. There is no provision for a penalty or interest charges while an award is under appeal to the board level and prior to the board's final determination. Therefore, the 10-day limit to pay an award did not commence until the board filed its decision on December 22, 1976. The authorities cited by claimant are inapposite. The second penalty sought by claimant is for the failure of the carrier to pay the modified award made on December 22, 1976. In its decision of that date, the board approved additional counsel fees of $150 to claimant's attorney. This money had to be accumulated at a rate of $20 a week for seven and one-half weeks before payments became due to claimant. In view of this, the carrier's payment on February 1, 1977 was timely and in conformity with the order of the board.

Decision affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.