■ In the Matter of the Claim of AGATHLYN THOMAS, Appellant, v ZABRISKIE MOTORS et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed December 18, 1979. On September 10, 1973, claimant's husband, William Thomas, sustained injuries while in the course of his employment which ultimately resulted in his death on October 27, 1976. On September 6, 1978, the Workers' Compensation Board awarded death benefits to claimant. On September 15, 1978, a supplemental decision modified the September 6 decision and ordered some $41,000 to be paid by the carrier to the Aggregate Trust Fund (Fund) in addition to the benefits awarded by the initial decision. The carrier complied with the board's order. The supplemental decision was allegedly made without any notice to the interested parties. Thereafter, in June, 1979, the carrier learned that a third-party wrongful death action was pending against claimant's husband's physician and was to be settled for $125,000. The carrier then applied to the board seeking reconsideration and rescission of the September 15, 1978 order and a direction that the Fund reimburse the carrier for the moneys paid. The board denied the application and the carrier and claimant appeal. The respondent Fund urges *affirmance* and points out that the record fails to establish that the third-party action was pending at the time the board made its order. We note that respondent does not argue that the carrier or claimant had notice of the board's contemplated action prior to the supplemental decision requiring

payment into the Fund and, consequently, had the opportunity to raise the issue. Furthermore, claimant is prejudiced by the order since the carrier has filed a lien pursuant to section 29 of the Worker's Compensation Law against the third-party settlement. We also note that there is no denial by the Fund that the third-party action was pending at the time the order was made. A decision of the board to deny an application for reconsideration may not be disturbed unless it was arbitrary and capricious or an abuse of discretion (*Matter of Gibbons v Zara Constr. Co.*, 77 AD2d 675; *Matter of Oliva v Albany Cycle Co.*, 72 AD2d 641). Considering, however, the intent and purpose of the Workers' Compensation Law and the problems created by the order, we are of the view that the board abused its discretion and the order should be reversed. Subdivision 2 of section 27 of the Workers' Compensation Law specifically provides that payment to the Fund be held in abeyance until the termination of the third-party action. The board, on remand, should recompute the amount owed the Fund in view of the third-party settlement and direct a refund of the excess to the carrier. While the carrier may have been remiss in failing to become aware of the pending third-party action, the financial detriment to the claimant warrants reversal. Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.