■ DAVID BELL, Appellant, v ORANGE COUNTY PUBLICATIONS DIVISION OF OTTAWAY NEWSPAPERS, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered September 28, 1982 in Sullivan County, which, *inter alia,* granted defendants' motion to dismiss the complaint. Order affirmed, with costs, on the opinion of Justice Robert C. Williams at Special Term. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ In the Matter of the Claim of DOMENICK SINACORE, Respondent, v DREIER STRUCTURAL STEEL, INC., et al., Appellants, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 1, 1982. Claimant was found to be suffering from pneumoconiosis, an occupational disease, with a date of disablement as of January 14, 1973. Pursuant to a notice of decision dated November 19, 1975, claimant was awarded benefits for intermittent lost time at a temporary reduced earning rate of $60 per week. This rate was modified by notice of decision dated August 30, 1976 to $80 per week pursuant to a stipulation of an average weekly wage of $230, which also classified claimant as permanently partially disabled. Upon appeal by the carrier questioning the rate of compensation, the determination was affirmed by board decision filed April 7, 1977. By an appeal dated November 27, 1978, the carrier, for the first time, asserted the provision of section 39 of the Workers' Compensation Law which, prior to July 1, 1974, provided that compensation would not be payable for *partial* disability due to silicosis or other dust disease. Thus, since claimant's date of disablement was January 14, 1973, payments to him are and have been erroneous as a matter of law. On June 1, 1982, the board rejected the carrier's application for review finding it guilty of laches and denied reconsideration of the prior decision. Although the board retains jurisdiction to reopen, modify or rescind a prior determination (Workers' Compensation Law, § 123), the exercise of that power rests in the discretion of the board and, absent an abuse thereof, will not be disturbed on appeal (12 NYCRR 300.14; *Matter of Rusyniak v Syracuse Flying School,* 37 NY2d 384). Here, however, we note the record demonstrates that the board found claimant suffered from a *permanent partial disability* as of January 14, 1973. On that date, the law specified a claimant was *not* entitled to benefits for *partial* disability from an occupational disease. Since the award was impermissible, we view the board's decision, sustaining a clearly erroneous award by resorting to application of the doctrine of laches, to be an abuse of discretion (*Matter of Thomas v Zabriskie Motors,* 83 AD2d 696). Very simply, under the circumstances presented, the requisite elements for a finding of laches are not present (36 NY Jur, Limitations and Laches, § 153, pp 140-141). Decision reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.