◼ In the Matter of DONALD R. SCANLON, Respondent, v STATE INSURANCE FUND, Appellant.—Levine, J. Appeals (1) from a judgment of the Supreme Court (Tait, Jr., J.), entered April 9, 1987 in Madison County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to direct respondent to pay petitioner a penalty under Workers' Compensation Law former § 25 (3) (c), and (2) from an order of said court, entered August 14, 1987 in Madison County, which denied respondent's motion to renew or reargue.

In 1982 petitioner suffered an injury in the course of his employment and received a schedule award of workers' compensation benefits totaling $14,115.12. Petitioner's case was subsequently reopened to consider, *inter alia,* questions of further disability and loss of earnings. A hearing was held in May 1986 after which the Workers' Compensation Law Judge (hereinafter WCLJ) rendered a decision rescinding the prior schedule award, and making an award for continuing disability for the period from September 30, 1985 to May 23, 1986 of $126.67 per week, totaling $4,281.45, and continuing payment at the rate of $126.67 per week. In addition, in his oral

decision at the close of the hearing, the WCLJ ruled that there was to be a credit for payments made prior to rescission of the schedule award. His written decision filed June 6, 1986, however, failed to reflect this credit allowance.

In July 1986 petitioner requested a hearing on the issue of respondent's failure to make payments in accordance with the formal June 1986 WCLJ's decision, and further requested that a penalty be imposed based on the failure to make such payments. In response, a "C-8 Notice of Payment" was filed by respondent which indicated that, with the rescission of the prior schedule award, its prior payment of compensation based on that award exceeded all awards for continuing disability through August 4, 1986 by $3,981.52. A hearing was held in August 1986 in which the penalty issue was deferred by the mutual consent of the parties and the WCLJ directed respondent to continue payments at the rate established in the June 1986 award.

It is uncontested that respondent made a timely application to the Workers' Compensation Board for review of the WCLJ's August 1986 decision and, in the same application, also requested that the Board review the WCLJ's June 1986 award as well. It is also uncontested that subsequently the Board entertained respondent's application in all respects. However, the final Board disposition of the issue of the amount of overpayment and the method of recoupment is not contained in the record before us.

In late September or early October 1986, petitioner commenced this CPLR article 78 proceeding to mandate respondent to pay petitioner $4,281.45, the amount awarded in the June 1986 decision of the WCLJ, plus a 20% penalty for nonpayment, pursuant to Workers' Compensation Law former § 25 (3) (c). Respondent moved for an order dismissing the petition or, alternatively, granting summary judgment in its favor. By decision dated January 22, 1987, Supreme Court denied respondent's motion and ruled that it had mandamus jurisdiction. The court reasoned that the WCLJ's June 1986 decision had not been the subject of a timely administrative appeal to the Board and was, thus, final. The court further held that, since imposition of the penalty for late payment of the award is mandatory and nondiscretionary under the statute, it is enforceable by mandamus (citing *Matter of Hart v Perkins*, 258 NY 61). Supreme Court further ruled that respondent was not entitled to dismissal on the merits since it is for the Board, not respondent, to determine the proper method of recoupment of overpayments.

Following joinder of issue, petitioner moved for summary judgment directing respondent to pay a 20% penalty on the June 1986 award. Respondent opposed petitioner's summary judgment motion on the ground that it was rendered moot by the Board's order of restoral filed in January 1987, which modified all prior awards, reducing them on a tentative basis pending resolution of the overpayment issue. Respondent further contended that jurisdiction over the penalty issue rests solely with the Board. By order entered April 9, 1987, Supreme Court granted petitioner's motion for summary judgment, assessing a penalty of 20% of $4,281.45. Supreme Court declined to review the awards in light of the January 1987 Board order modifying the awards. This appeal by respondent ensued.

At the outset, it should be noted that the respondent's timely appeal of the August 1986 WCLJ decision obviated imposition of a penalty for nonpayment of that award (see, *Matter of Salibene v Papa & Sons*, 69 AD2d 972). Although there was no appeal taken from the June 1986 decision within the time limits provided in the statute (Workers' Compensation Law § 23) and the regulations (12 NYCRR 300.13 [a]), the Board had ample authority to entertain the appeal, even though untimely (see, Workers' Compensation Law § 22; 12 NYCRR 300.30; see also, *Matter of Gulitz v International Business Machs. Corp.*, 130 AD2d 874).

The issue thus distills to whether respondent's lateness in seeking Board review of the June 1986 WCLJ decision must result in the loss of its right to withhold payment (without penalty) pending determination of a timely appeal to the Board (see, Workers' Compensation Law former § 25 [3] [c]; see also, *Matter of Jasmine v Rainbow Grill*, 115 AD2d 862, 864; *Matter of Salibene v Papa & Sons, supra*). In our view, there are circumstances in the instant case which render inappropriate the resolution of that issue in a mandamus proceeding and distinguish it from *Matter of Hart v Perkins (supra)* and the other cases relied on by petitioner. In *Hart*, the State Insurance Fund's alleged failure to make prompt payment was in the context of a final, binding award by the Board itself. In the instant case, the failure to pay relates to a WCLJ's award which apparently inaccurately reflected the actual decision rendered and the appeal from which the Board exercised its discretion to entertain despite respondent's lateness in applying for review.

It is readily apparent that, under these circumstances, resolution of the dispositive issue involves questions of statu-

tory and regulatory interpretation concerning, for example, the finality of a WCLJ's apparently erroneous formal award when the Board accepts a tardy appeal, and questions concerning the application of the policy favoring prompt payment of awards. In our view, these issues should all be considered by the Board, the administrative agency charged with the responsibility of implementing the Workers' Compensation Law, prior to being considered by the courts *(see, Shine v Duncan Petroleum . Transp.,* 60 NY2d 22, 26-27). Therefore, Supreme Court should have dismissed the petition.

Finally, respondent's motion for reconsideration was, in effect, a motion to reargue. Since no appeal lies from the denial of a motion to reargue *(United Tire & Rubber Co. v Contractor Tire Sales,* 124 AD2d 280, 282, *appeal dismissed* 69 NY2d 823), the appeal from Supreme Court's denial of that motion must be dismissed.

Judgment entered April 9, 1987 reversed, on the law, without costs, and petition dismissed.

Appeal from order entered August 14, 1987 dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.