■ In the Matter of the Claim of HELEN COLLIER, Respondent, v BRIGHTWATER BEER & SODA DISTRIBUTOR et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 5, 1987, which directed that an award of workers' compensation benefits be paid by the Special Fund for Reopened Cases.

On October 31, 1974, Edward Collier suffered a heart attack while making deliveries for his employer. A workers' compensation claim was subsequently filed and Collier was awarded total disability benefits through January 6, 1975. The case was closed in September 1976. On May 31, 1980, Collier died after suffering another heart attack. Following his death, claimant, Collier's widow, filed a claim for death benefits. At a hearing held on January 28, 1986 the Workers' Compensation Law Judge (hereinafter WCLJ) discharged the employer's workers' compensation insurance carrier from liability and ruled that the case was to proceed against the Special Fund for Reopened Cases (hereinafter Special Fund), which had already been placed on notice and was represented at the hearing. The only issue contested during the hearings that followed was whether the death of claimant's decedent was causally related to his 1974 heart attack. The WCLJ determined that a causal relationship had been established and, in a decision dated July 8, 1986, awarded claimant benefits and closed the case.

One week later, the Special Fund filed an application for

review which challenged the WCLJ's finding of causally re-
lated death. On August 25, 1986, a second application for
review was filed by the Special Fund which raised, for the first
time, an objection to the Special Fund's liability on the ground
that decedent's death occurred within seven years of the
alleged causally related injury (see, Workers' Compensation
Law § 25-a [1]). The Workers' Compensation Board affirmed
the WCLJ's findings, refusing to consider the supplemental
application for review on the ground that it was not timely
filed (see, Workers' Compensation Law § 23; 12 NYCRR 300.13
[a]) and because the Special Fund had failed to raise this
objection before the WCLJ. This appeal by the Special Fund
ensued. We conclude that the Board did not abuse its discre-
tion in denying the supplemental application for review and,
accordingly, affirm.

The Special Fund's first obligation upon the reopening of a
claim is to consider the threshold "passage of time" issue that
controls the shift of liability (see, Workers' Compensation Law
§ 25-a [1]) and to decide whether the circumstances warrant "a
proper defense of the application" (Workers' Compensation
Law § 25-a [5]; see, Matter of Ryan v American Bridge. Co., 243
App Div 496, 499, affd 268 NY 502). Here, that issue was
whether claimant's death occurred more than seven years
after his first heart attack (see, Workers' Compensation Law
§ 25-a [1]). The time period from the first heart attack to death
was clearly established at the January 28, 1986 hearing, so
there is no question that the Special Fund had all information
needed to make a determination as to its liability at that time.
Instead, the Special Fund participated in hearings on January
28, 1986 and April 14, 1986, resulting in an April 23, 1986
finding of causal relationship, and a June 17, 1986 hearing on
the issue of average weekly wage, widowhood and dependency,
following which the case was closed on July 7, 1986 with
findings of accident, notice and causal relationship and an
award. In an appeal to the Board dated July 14, 1986, only the
issue of causal relationship was raised. Finally, on August 22,
1986, the issue of section 25-a liability was raised for the first
time.

Although Workers' Compensation Law § 25-a does not pre-
scribe a deadline by which the Special Fund must raise the
issue, we believe that the statute's overriding policy requires
the Special Fund to assert its threshold defenses at the
earliest opportunity after it is placed on notice (see, Workers'
Compensation Law § 25-a [5]). The chronology of events and
attendant circumstances entitled the Board to conclude that

the Special Fund waived the section 25-a issue *(see, Matter of Mamone v Griege,* 135 AD2d 967, 968; *Matter of Sammaritano v Attractive Fashions,* 96 AD2d 627, *lv denied* 60 NY2d 558). Nor does the absence of a "waiver" clause in Workers' Compensation Law § 25-a, such as those contained in Workers' Compensation Law §§ 18, 25 (2) (b) and § 28, compel a different conclusion. The Special Fund's ability to waive issues, including its defenses, expressly or by reason of its conduct, cannot seriously be denied. In our opinion, its status is no greater than other insurers, or employers, who clearly can waive the statutory conditions precedent of employment relationship *(see, Fending v Carborundum Co.,* 101 AD2d 1010; *Matter of Clark v J.S.S. Realty Co.,* 26 AD2d 877) and accident arising out of and in the course of employment *(see, Matter of Kent v City of Buffalo Bd. of Educ.,* 105 AD2d 516, 517; *Matter of Pierce v New York Tel. Co.,* 99 AD2d 898) if they are not asserted at the proper time *(see,* Workers' Compensation Law §§ 23, 25 [2] [b]).

We are persuaded by the Board's contention that the carrier and claimant would be substantially prejudiced if forced to relitigate the issue of causal relationship. Moreover, we disagree with the dissenting opinion that a special finding of prejudice is required. A finding of prejudice to the adverse parties may be reasonably inferred from the Board's finding of untimeliness and consequent exercise of discretion against the Special Fund. Finally, in our opinion, the case of *Matter of Sinacore v Dreier Structural Steel* (97 AD2d 659), relied upon by the dissent, does not require a different result. There, the Board made a finding of permanent partial disability due to occupational disease and awarded benefits. At that time, the law did not permit payment of benefits for partial disability due to occupational disease. Thus, the Board's determination was illegal on its face, error which could not be waived. In contrast, the assertion here that the statutory period had not run, more akin to a Statute of Limitations defense, was clearly waivable. Moreover, we believe that the holding in *Sinacore* should be restricted to the unique facts present there.

Amended decision affirmed, without costs. Kane, J. P., Mercure and Harvey, JJ., concur.

Yesawich, Jr., and Levine, JJ., dissent and vote to reverse in a memorandum by Levine, J. Levine, J. (dissenting). We respectfully dissent. The sole contention on this appeal by the Special Fund is that the Board erred in refusing to consider the issue raised in its second application for review. There is

no doubt that the Board has the power to entertain an untimely application for review of a WCLJ's decision *(Matter of Scanlon v State Ins. Fund,* 141 AD2d 902, 904; *Matter of Clifford v Larkin Rest.,* 31 AD2d 866, 867). Thus, the issue distills to whether the Board abused its discretion in rejecting the late application for review in this case.

The Board, in its amended decision, relies on the Special Fund's failure to raise its objection under Workers' Compensation Law § 25-a before the WCLJ as justification for denying the late application for review. Although that clearly would have been the preferred procedure, we find nothing in the statute which requires the Special Fund to raise this type of objection before the WCLJ or else waive it *(cf.,* Workers' Compensation Law §§ 18, 25 [2] [b]; § 28). Moreover, the issue the Special Fund sought to have reviewed was a legal question requiring no factual investigation and which was dispositive of the Special Fund's liability on the claim. In our view, this case is analogous to *Matter of Sinacore v Dreier Structural Steel* (97 AD2d 659) in which this court held that the Board abused its discretion in denying an application to reopen where the prior award was clearly erroneous under the Workers' Compensation Law. Based on the foregoing, we conclude that the Board here abused its discretion in denying the supplemental application for review, particularly in light of the fact that the Special Fund interposed its legal objection much earlier in the proceeding than was the case in *Sinacore.*

Finally, we disagree with the majority's alternative basis for affirming the Board, namely, that prejudice to claimant in having to relitigate her claim against the carrier justified the refusal to reopen. The Board, however, made no finding of prejudice in its decision and, therefore, the denial cannot be sustained on that ground *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588, 593). For these reasons we would reverse the Board's decision and remit with instructions to grant the Special Fund's application.