■ In the Matter of the Claim of CHARLOTTE MINOGUE, Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [625 NYS2d 322] —Yesawich Jr., J. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed October 21, 1993 and June 22, 1994, which ruled that the employer's application for review was untimely.

After claimant's application for disability benefits was rejected by her employer, she requested and was granted a hearing before a Workers' Compensation Law Judge (hereinafter WCLJ). Having determined that its potential liability under the statute was insubstantial, the employer did not appear at the hearing, which resulted in a decision ordering payment of benefits. The order, however, directed that payments were to be made pursuant to the employer's "Medical Disability Income Plan" (hereinafter MDIP). That plan, apparently brought to the WCLJ's attention at the hearing by claimant, is a long-term benefit plan that provides an eligible disabled employee with 75% of his or her former salary for a period of 18 months and, thereafter, with a benefit equal to at

least 40% of the former salary until age 65. By its terms, the MDIP provides these benefits "[a]fter the expiration of the 52 weeks' salary (base compensation) benefit of the Sickness and Accident Income Plan"; this latter plan is evidently one which the employer filed, in 1970, to satisfy its statutory obligation to provide disability benefits *(see,* Workers' Compensation Law § 211 [5]).

Confronted with an order directing payment of long-term benefits that could amount to approximately $600,000, rather than roughly $4,000, the amount it expected would result from a determination in claimant's favor, the employer sought review by the Workers' Compensation Board. Because the request for review was filed 39 days beyond the statutory deadline, the Board declined to exercise its discretion to review the WCLJ's determination *(see,* 12 NYCRR 300.13 [a], [e] [2]). The employer appeals from the Board's decision, and from an amended decision (filed after the employer again requested a review or reopening of the case "in the interest of justice") in which the Board again refused to reconsider the matter.

While the Board enjoys broad discretion to reject a late application for review *(see, e.g., Matter of Garrison v Craftech Indus.,* 209 AD2d 748; *Matter of Venezia v Vigliarolo,* 191 AD2d 797, 798), given the circumstances presented here, we find that the Board's refusal to entertain the employer's request was an abuse of that discretion *(see, Matter of Sinacore v Dreier Structural Steel,* 97 AD2d 659; *cf., Matter of Thomas v Zabriskie Motors,* 83 AD2d 696, 697). The employer's arguments that the MDIP is governed by the Employee Retirement Income Security Act (29 USC § 1001 *et seq.)* (hereinafter ERISA), and that it was never intended to provide statutory disability benefits, are supported by the record before the Board, particularly by the terms of the MDIP itself. Moreover, various notices issued by the Board demonstrate its awareness that the employer had filed a plan for the purpose of meeting its statutory obligation, and the substantial differences between that plan and the MDIP, which could have easily been confirmed by checking the agency's files, provide additional support for the employer's position.

Although the governing statutes confer jurisdiction upon the Board to award benefits as provided by an authorized plan *(see,* Workers' Compensation Law § 211 [5]), it clearly does not have the authority to reach other, privately administered benefit plans that are not statutorily excepted from preemption by ERISA *(see,* 29 USC § 1003 [b] [3]; § 1144 [a]; *cf., Matter*

*of Miranda v Division 1181 ATU—N. Y. Welfare Fund & Plan,* 196 AD2d 222, 224, *appeal dismissed* 83 NY2d 1000, *lv denied* 84 NY2d 809). Presented as it was with evidence demonstrating that the WCLJ had ordered payment under the terms of the employer's wholly separate, long-term ERISA-governed benefit plan, rather than in accordance with the plan that had been properly filed pursuant to statute—thus raising a serious question as to whether the agency had exceeded its jurisdiction *(see, Matter of Vore v Allied Bendix Corp.,* 204 AD2d 761)—the Board should have granted the review requested by the employer *(cf., Matter of Thomas v Zabriskie Motors, supra,* at 697).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the decision and amended decision are reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.