■ In the Matter of the Claim of SHARON MOYNIHAN, Respondent, v MOYERS CORNERS FIRE DEPARTMENT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [681 NYS2d 93] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed February 12, 1997, which ruled that the employer was estopped from raising the issue of coverage under the Volunteer Firefighters' Benefit Law.

On August 13, 1988 claimant, an advanced emergency technician with the Moyers Corners Fire Department (hereinafter the employer), a volunteer fire department located in the Town of Clay, Onondaga County, was injured while transporting a patient down three flights of stairs. The State Insurance Fund (hereinafter the carrier) did not controvert claimant's rights to benefits under the Volunteer Firefighters' Benefit Law and began making payments to claimant without awaiting an award from the Workers' Compensation Board. In March 1989, the Board concluded that claimant had sustained an injury in the line of duty, awarded her approximately two weeks of benefits pursuant to the Volunteer Firefighters' Benefit Law and closed the case.

Approximately two years later, claimant apparently exacerbated her earlier compensable back injury when she slipped and fell at home. Claimant's case was reopened and, following a permanent partial disability classification in January 1993, the matter was continued for further hearings related to, *inter alia*, claimant's loss of earnings/earning capacity. In conjunction therewith, the carrier submitted a "position paper" in April 1994, almost six years after claimant's initial injury, wherein it and the employer asserted, for the first time, that the underlying claim was not encompassed by the Volunteer Firefighters' Benefit Law but, rather, fell within the purview of the Workers' Compensation Law. The crux of the argument by the employer and carrier on this point was that the employer was not authorized to provide general ambulance services on the date of claimant's initial injury and, hence, the Volunteer Firefighters' Benefit Law simply was inapplicable (*see*, Volunteer Firefighters' Benefit Law § 5 [1] [k]). The Workers' Compensation Law Judge disagreed, finding that the matter was properly established under the Volunteer Firefighters' Benefit Law. On administrative appeal, a Board panel affirmed, finding that the carrier and employer were guilty of laches and, therefore, were estopped from raising the coverage issue. This appeal ensued.

Initially, we agree with the carrier and the employer that the record as a whole does not contain substantial evidence to

support the finding of the Workers' Compensation Law Judge, which subsequently was affirmed by the Board panel, that the instant claim was properly established under the Volunteer Firefighters' Benefit Law. Absent such evidence, we are confronted with a plainly impermissible award—an issue which the carrier and employer cannot be estopped from asserting (*see, Matter of Sinacore v Dreier Structural Steel*, 97 AD2d 659; *cf., Matter of Collier v Brightwater Beer & Soda Distrib.*, 147 AD2d 868, 870, *affd* 75 NY2d 949). Moreover, even assuming that the doctrine of laches may be applied here, the prejudice identified by the Board panel—namely, that claimant would be precluded from seeking benefits under the Workers' Compensation Law due to the expiration of the relevant Statute of Limitations—is unavailing given the concession by the employer and carrier in their brief that claimant has a valid claim under the Workers' Compensation Law. To the extent that additional prejudice may be discerned from the record before us, we need note only that we cannot affirm an administrative determination upon a ground not invoked by the agency (*see generally, Matter of New York Times Co. v New York State Dept. of Health*, 243 AD2d 157, 160).

Mercure, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.