■ In the Matter of the Claim of AMY J. WARREN, Respondent, v GALLANT KNIGHT SECURITY, INC., Respondent, and

CLARENDON NATIONAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 578] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed October 29, 2001, which ruled, inter alia, that Clarendon National Insurance Company was the workers' compensation carrier responsible for the claim.

Claimant was injured on October 22, 1996 while working for the employer as a security guard and thereafter filed a claim for workers' compensation benefits. The employer maintained a policy of workers' compensation insurance with Clarendon National Insurance Company which, according to one of Clarendon's representatives, became effective on November 6, 1996. Clarendon was notified of hearings on the claim scheduled for November 4, 1997, January 7, 1998 and April 8, 1998, but failed to appear at any of these hearings. The claim was eventually established for accident, notice and causal relationship.

During subsequent proceedings, it was discovered that the employer had experienced a lapse in coverage at the time of claimant's accident. Following an investigation, the Workers' Compensation Board issued a report finding that the employer was without coverage from April 18, 1996 to November 30, 1996. Thereafter, Clarendon was notified to be present at hearings on June 26, 2000 and August 10, 2000, but again failed to appear. On August 22, 2000, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision finding that Clarendon was the workers' compensation carrier responsible for the claim and discharged the other potential carriers. For the first time by letter dated September 21, 2000, Clarendon corresponded with the Board requesting that it not be held responsible for the claim because it did not provide coverage to the employer until after claimant's accident. Clarendon appeared at a June 15, 2001 hearing and moved to reopen the case on the issue of coverage, which the WCLJ denied. By letter of July 26, 2001, Clarendon for the first time requested the Board to review the WCLJ's August 22, 2000 decision. Finding that claimant had failed to timely appeal the WCLJ's initial decision, the Board affirmed it, resulting in this appeal by Clarendon.

As a threshold matter, an application to the Board seeking to review a decision of a WCLJ must be made within 30 days of notice of the filing of the decision (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [a]). We further note that "the Board enjoys broad discretion to reject a late application for review" (Matter of Minogue v International Bus. Machs. Corp., 214 AD2d 820, 821; see 12 NYCRR 300.13 [e]). Here,

Clarendon waited nearly a year to seek review of the WCLJ's August 22, 2000 decision despite receiving notice of numerous hearings in the matter dating back to November 4, 1997, some addressing the issue of coverage, none of which it attended. Since Clarendon did not put forth any reason for its delay in seeking review of the WCLJ's decision, we do not find that the Board abused its discretion in affirming this decision (*see Matter of Heustis v Teriele*, 193 AD2d 934, 935). Additionally, the Board properly rejected Clarendon's efforts to characterize this as an appeal to the Board from the WCLJ's June 15, 2001 denial of a motion to vacate or reopen the August 22, 2000 WCLJ decision.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.