■ In the Matter of the Claim of Peter A. Priola III, Appellant, v Andrews Staffing et al., Respondents. Workers' Compensation Board, Respondent. [758 NYS2d 863] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed January 25, 2002, which ruled that claimant's application for review of a Workers' Compensation Law Judge's decision was untimely.

Claimant, a truck driver, was injured on December 23, 1998 when he was pinned between two cars while conversing with his supervisor at work. He filed a claim for workers' compensation benefits alleging injuries to his knees and back. Following

a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had sustained work-related injuries to his knees and back and awarded benefits. Thereafter, further proceedings were conducted on the issue of, among other things, whether there should be apportionment between the December 23, 1998 work-related accident and a unrelated motor vehicle accident that occurred in February 1995 in which claimant also sustained a back injury. The WCLJ found no apportionment, but the Workers' Compensation Board concluded otherwise and restored the case to the trial calendar for further development of the record on this issue. On October 4, 2001, following a further hearing, the WCLJ issued a decision making two specific awards of benefits and apportioning the second 10% to the work-related accident and 90% to the nonwork-related automobile accident. On October 16, 2001, claimant submitted an application for Board review of this decision. On November 15, 2001, claimant submitted a supplemental application for Board review setting forth the specific bases for the appeal. The Board concluded that the appeal was untimely. This appeal ensued.

We affirm. Workers' Compensation Law § 23 clearly provides that a party seeking review of a WCLJ's decision must file an application for review with the Board within 30 days of the filing of the decision. The pertinent regulations state that such application "shall be in writing and shall be accompanied by a cover sheet form prescribed by the chair, and shall specify the issues and grounds for such review" (12 NYCRR 300.13 [a]). In addition, the regulations require that the application be accompanied by proof of service upon all parties in interest (see 12 NYCRR 300.13 [a]). Notably, the Board may deny an application for review where, among other things, the complete application is not filed within the 30-day time period or where the application fails to specify the issues or grounds for review (see 12 NYCRR 300.13 [e] [1] [i], [ii]).

Here, although the cover sheet was filed by claimant with the Board within the 30-day time period, it did not specify the grounds for review of the WCLJ's decision. Rather, it was accompanied by a letter indicating that "[c]larification of the basis for the appeal will follow." The supplemental application, which actually specified those grounds, was not filed until November 15, 2001, outside the 30-day time period. No explanation was provided by claimant as to why the grounds were not specified in the initial application. In addition, no proof of service was provided with respect to the supplemental application. Given these deficiencies and in light of the Board's

broad discretion to reject late applications for review (*see Matter of Warren v Gallant Knight Sec.*, 301 AD2d 854, 855 [2003]), we find no reason to disturb its decision under the circumstances presented (*cf. Matter of Minogue v International Bus. Machs. Corp.*, 214 AD2d 820, 821 [1995]).

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.