◼ In the Matter of the Claim of WILLIAM REILLO, Respondent, v ENERGY SAVER INSULATION CORPORATION et al., Respondents, and FRED SUTTON, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 146] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 2002, which ruled, inter alia, that the application of Fred Sutton to review decisions of a Workers' Compensation Law Judge filed October 9, 1997 and August 11, 2000 was untimely.

On September 19, 1995, claimant was injured when he fell from a ladder while working for the employer. At the time of the accident, Fred Sutton and John Miracola were the sole shareholders and officers of the employer. Claimant applied for workers' compensation benefits as the result of injuries he sustained in the accident. The Enforcement Unit of the Workers' Compensation Board undertook an investigation concerning the employer's legal status and discovered that the employer did not have workers' compensation insurance coverage at the time of the accident. In September 1996, Sutton formally transferred his interest in the employer to Miracola and Miracola's wife.

On July 1, 1997, Sutton was subpoenaed to testify at a hearing scheduled for July 17, 1997. After various hearings on the claim were held, a Workers' Compensation Law Judge (hereinafter WCLJ) issued an October 9, 1997 decision finding, inter alia, that jurisdiction over the employer, Sutton and Miracola had been established. Notices of further hearings were sent to the employer, Sutton and Miracola. The WCLJ ultimately established the case for accident, notice and causal relationship and also found, among other things, that the employer violated Workers' Compensation Law § 50 by not having coverage at the time of claimant's accident and levied assessments in accordance with Workers' Compensation Law § 26-a. Subsequent to this decision, further hearings were conducted and the case was referred for collection. Thereafter, the WCLJ issued additional decisions, including one on August 11, 2000 making further awards and finding that the maximum assessment had been reached. After discovering that the Board was seeking to hold him personally liable for the assessments imposed against the employer, Sutton filed an application on March 14, 2001 seeking Board review of the WCLJ's October 9, 1997 and August 11, 2000 decisions. The Board denied the application as untimely. This appeal ensued.

It is well settled that a party seeking review of a WCLJ's decision must file a written application with the Board within 30 days of notice of filing of said decision (see Workers' Compensation Law § 23; 12 NYCRR 300.13 [a]). Notably, " 'the Board enjoys broad discretion to reject a late application for review' " (*Matter of Warren v Gallant Knight Sec.*, 301 AD2d 854, 855 [2003], quoting *Matter of Minogue v International Bus. Machs. Corp.*, 214 AD2d 820, 821 [1995]). Here, Sutton waited over three years before seeking review of the WCLJ's October 9, 1997 decision and seven months before seeking review of the WCLJ's August 11, 2000 decision. The record does not reveal that Sutton put forth a persuasive reason for his delay in taking action. In his application for Board review, he explains that he was not involved in the business after April 1993 due to medical reasons and that, when he learned in the course of the workers' compensation proceedings that insurance premiums for the business had not been paid, Miracola informed him he would take care of it. He maintains that he was unaware of his own personal liability until the Board filed a judgment against him in December 2000. However, notices of hearing sent to Sutton in 1997 clearly indicated that the hearings would address the employer's violation of Workers' Compensation Law § 50 and assessments under Workers' Compensation Law § 26-a. Significantly, Sutton attended at least one hearing.

Moreover, Sutton was a corporate officer at the time of claimant's accident and was personally liable for any assessments resulting from the nonpayment of premiums during that time period (*see* Workers' Compensation Law § 52 [1] [c]). In our view, Sutton's claimed ignorance of his own personal liability does not provide a compelling reason for granting his review application. Accordingly, we do not find that the Board abused its discretion in denying it as untimely (*see Matter of Warren v Gallant Knight Sec., supra*).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.