■ In the Matter of the Claim of PHILLIP GIANCOLA, JR., Appellant, v EAGLE ELECTRONIC MANUFACTURING COMPANY, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 167]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed May 13, 2002, which ruled, inter alia, that claimant's application for review of a Workers' Compensation Law Judge's decision was untimely.

In November 1991, claimant was involved in a work-related accident. An employer's report of injury was filed with the Workers' Compensation Board several days later specifying injury to the left hip. Accident, notice and causal relationship were established to the left hip in February 1993 and the case was closed in January 1996. In May 2001, more than nine years after the date of the accident, claimant asked the Board to reopen the case alleging injuries to his back. A Workers' Compensation Law Judge (hereinafter WCLJ) determined that the claim for the back was untimely under the two-year statute of limitations set forth in Workers' Compensation Law § 28. On January 8, 2002, claimant submitted an application for Board review of this decision. The Board concluded that the appeal was untimely for failure to specify the issues and grounds that form the basis of the application. This appeal ensued.

Workers' Compensation Law § 23 states that a party seeking review of a WCLJ's decision must file an application for review with the Board within 30 days of the filing of the decision (*see Matter of Reillo v Energy Saver Insulation Corp.*, 306 AD2d 775, 776 [2003]). The pertinent regulations provide that such application be in writing and accompanied by a cover sheet form prescribed by the chair, and specify the issues and grounds for such review (*see* 12 NYCRR 300.13 [a]). In addition, the regulations require that the application make "reference to the record below or such part thereof as is relevant to the issues and grounds raised in such application and indicate when and where they were raised before the [WCLJ]" (12 NYCRR 300.13 [a]). The Board may deny an application for review where, among other things, the complete application is not filed within the 30-day time period or where the application fails to specify the issues or grounds for review (*see* 12 NYCRR 300.13 [e] [1] [i], [ii]).

Here, although the record indicates that the cover sheet was filed by claimant with the Board within the 30-day time period, it did not specify the grounds for review of the WCLJ's decision. Rather, it was accompanied by a letter indicating that "[a] full appeal will be filed upon completion of the record." Notably, the WCLJ decision appealed from states that no further action was planned by the Board. Nevertheless, claimant failed to submit a supplemental application specifying the issues for review and we reject his contention that the Board and his attorney were aware of his back injury and simply decided to pay a lesser claim. Claimant failed to submit any evidence to support this contention and the employer and attending doctor's reports filed with the Board specify an injury to the left hip. Under these circumstance and in light of the Board's broad discretion to reject late applications for review, we find no reason to disturb its decision (*see Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901-902 [2003]; *Matter of Warren v Gallant Knight Sec.*, 301 AD2d 854, 855 [2003]).

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.