■ In the Matter of You Cai Zhang, Respondent, v Tony's Marble & Granite Supply Corporation, Appellant. Workers' Compensation Board, Respondent. [945 NYS2d 769]—

Rose, J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 28, 2010, which ruled that the application of Tony's Marble & Granite Supply Corporation for review of a Workers' Compensation Law Judge's decision was untimely, and (2) from a decision of said Board, filed March 10, 2011, which denied a request for reconsideration and/or full Board review.

By decision filed November 27, 2009, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant sustained a work-related injury and awarded benefits. On January 12, 2010, Tony's Marble & Granite Supply Corporation (hereinafter the employer) submitted an appeal from that decision. The Workers' Compensation Board deemed the appeal as untimely and also denied a subsequent application from the employer for reconsideration or full Board review. These appeals ensued.

We affirm. An application for review of a WCLJ's decision must be in writing and filed within 30 days after notice of filing of that decision (*see* Workers' Compensation Law § 23). Such

written application shall be accompanied by a cover sheet form prescribed by the chair, specify the issues and grounds for such review and include proof of service upon all parties in interest (*see* 12 NYCRR 300.13 [a]; *see also Matter of Priola v Andrews Staffing*, 305 AD2d 900, 901 [2003]). Here, although the employer notified the Board of its intent to appeal by letter dated December 23, 2009, it did not file the complete application until after the 30-day time limit had expired. It is within the Board's province to determine the timeliness of an appeal and, upon our review of the record herein and given the evidence of the lack of compliance with the relevant regulations, we find no reason to disturb the Board's decision (*see Matter of Priola v Andrews Staffing*, 305 AD2d at 901). Furthermore, we are unpersuaded by the employer's contention that the denial of its application for reconsideration or full Board review was either arbitrary and capricious or an abuse of discretion (*see Matter of Paivanas v Resource Ctr.*, 77 AD3d 993 [2010], *lv dismissed* 16 NY3d 781 [2011]), notwithstanding its belated submission of an additional set of documents purportedly evincing a timely appeal from the WCLJ's decision.

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the decisions are affirmed, without costs.