■ In the Matter of the Claim of MARIE EBERLE, Appellant, v NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE, WASSAIC STATE SCHOOL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 3, 1977, which denied claimant's application for a review of a referee's decision which found decedent's death did not arise in or out of his employment. The issue certified in this appeal on a shortened record is as follows: Was the board's denial of the claimant-appellant's application for review, dated and mailed April 10, 1976, from the referee's decision dated March 5, 1976, arbitrary and capricious? Although there was conflicting medical testimony as to causal relationship, the referee found that the decedent's death did not arise in or out of his employment and denied the claim. Claimant's attorney filed an application for review to the board on April 10, 1976, 36 days after the date of the referee's notice of decision. It is alleged on this appeal that the claimant spoke no English and had moved, with her whereabouts unknown from the date of the referee's decision until April 14, 1976. Claimant's attorney contends that he was out of his office until April 10, 1976 and that his secretary was ill during that period. The board denied the claimant's application for review on the ground that the application was not made within 30 days after notice of filing of the referee's decision (Workmen's Compensation Law, § 23; 12 NYCRR 300.13). Although in this case, as in many cases, there may have been extenuating circumstances, we cannot say that the board's decision to invoke the requirements of the statute constituted arbitrary and capricious action *(Matter of Marcus v Feldman,* 273 App Div 935, mot for lv to app den 297 NY 1037). Decision confirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BURNETT, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered December 16, 1976, convicting defendant on his plea of guilty of kidnapping in the second degree. Upon this appeal defendant contends, among other things; that his plea of guilty was induced by duress and coercion and was involuntarily made; that he was denied effective assistance of counsel, and that he was denied his right to a speedy trial. Under the circumstances of this case, it appears that a hearing should be held on these issues. Determination withheld, and matter remitted to the Rensselaer County Court for further proceedings not inconsistent herewith. Koreman, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.