In the Matter of the Claim of ARLAND FRISS, Appellant, v CITY OF HUDSON POLICE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, January 21, 1993

## APPEARANCES OF COUNSEL

*Charles Edwin Hoag, Jr.,* Claverack, for appellant.

*Robert Abrams, Attorney-General,* New York City *(Theresa*

*E. Wolinski* and *Jane Lauer Barker* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

HARVEY, J.

Claimant was a police officer who injured his back on October 27, 1988 when he slipped on some gravel as he was exiting a police car. By decision filed July 20, 1990, a Workers' Compensation Law Judge (hereinafter WCLJ) established accident, notice and causal relationship for injury to the back and issued awards. However, claimant was subsequently convicted of a crime and sent to a Federal prison. Finding that incarceration is a superseding loss of earning capacity making the disability no longer the cause of lost wages, the WCLJ made an award for temporary reduced earnings up to the date of claimant's incarceration and the case was closed pending claimant's release from prison. This decision was filed on October 22, 1991 and was mailed to both claimant and his attorney that same day *(see,* Workers' Compensation Law § 20). Claimant's counsel received the decision two days later on October 24, 1991. On November 25, 1991, claimant's counsel served an application for review of the October 22, 1991 decision. The Workers' Compensation Board received and filed the application on November 29, 1991. Ultimately, the Board dismissed the application for review as untimely filed. This appeal by claimant followed.

The question to be finally resolved upon this appeal is the precise date from which the 30-day time limit for appeals for WCLJ decisions should be counted for an application to the Board to be timely. Significantly, the time limit for appeals from WCLJ decisions and the time limit for appeals from Board decisions are both set out in Workers' Compensation Law § 23. The language of each, however, is slightly different. Regarding WCLJ applications for review, the statute states that an application to the Board should be made in writing "within thirty days after *notice of the filing* of an award or decision" (Workers' Compensation Law § 23 [emphasis supplied]). Appeals to this Court from Board decisions, however, must generally be made "[w]ithin thirty days after *notice of the decision of the board * * * has been served upon the parties" (ibid.* [emphasis supplied]). On this appeal claimant strenuously contends that, despite the difference in language between the two time limitations, the Legislature intended

that, similar to appeals from Board decisions, applications for reviewing WCLJ decisions be filed within 30 days after notice of the decisions is *served* upon the parties. The Board disagreed, asserting that claimant's time to apply for review commenced upon the notice of filing of the decision.

In our view, the Board is correct in its assertion. We note initially that, in examining the case law on the issue it is not always clear whether WCLJ or Board decisions are the subjects of the appeal *(see, e.g., Matter of Clark v General Elec. Corp.,* 66 AD2d 983) and we therefore recognize that this situation could contribute to some confusion on this issue. Nevertheless, there is no question that support exists in the relevant case law from this Court for the proposition that a WCLJ decision, unlike a Board decision *(see, e.g., Matter of Buchanon v Adirondack Steel Casting Co.,* 175 AD2d 971), must be appealed within 30 days of the notice of the filing of the decision, not when it is served on the parties *(see, e.g., Matter of Rogers v Evans Plumbing & Heating,* 174 AD2d 948; *Matter of Andrello v Hotel Oneida & Bruno's Beach House,* 165 AD2d 916; *Matter of Eberle v New York State Dept. of Mental Hygiene, Wassaic State School,* 60 AD2d 722).

Although claimant urges us to treat WCLJ decisions the same as Board decisions for timeliness purposes, we cannot agree. It is a well-settled principle of statutory construction that every word in a statute is to be given effect and to be presumed to have some meaning *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231). Accordingly, we cannot ignore the conclusion that the Legislature's use of different language to describe the two different appeals meant that something different was intended for each. To presume otherwise would result in our impermissibly supplying words or phrases to a statute when it is not clear that such extra words were actually intended. Accordingly, we agree with the Board's decision not to entertain claimant's application for review *(see, Matter of Rogers v Evans Plumbing & Heating, supra).*

WEISS, P. J., LEVINE, MAHONEY and CASEY, JJ., concur.

Ordered that the decision is affirmed, without costs.