■ In the Matter of the Claim of MICHAEL VENEZIA, Respondent, v FRANK VIGLIAROLO et al., Respondents, and SPE-

CIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [594 NYS2d 391] —Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed November 14, 1991, which ruled that the Special Disability Fund's application for review was untimely.

On October 13, 1988 claimant, a jockey riding a thoroughbred race horse, owned by Frank Vigliarolo, in the fifth race at Belmont Race Track, was thrown from the horse and died as the result of injuries sustained in the fall. After a hearing on April 2, 1990, in a memorandum decision filed July 11, 1990 a Workers' Compensation Law Judge (hereinafter WCLJ) established, *inter alia,* an employer-employee relationship between claimant and Vigliarolo and made awards totaling $300 weekly to claimant's widow and two children. The WCLJ further found concurrent employment with other race horse owners and trainers and directed that Vigliarolo's carrier be reimbursed all but $37.56 of the weekly award (i.e., $262.44) from the Special Disability Fund for concurrent employment (hereinafter the Special Fund). Arguing that it had no knowledge of the decision until a claim for reimbursement was submitted by Vigliarolo's workers' compensation insurance carrier on August 30, 1990, the Special Fund applied on July 2, 1991 to the Workers' Compensation Board for review of the WCLJ's determination. The Board denied the application on the ground it was untimely, having been filed more than 30 days from the notice of filing of the decision of the WCLJ *(see,* Workers' Compensation Law § 23; 12 NYCRR 300.13).

On this appeal, the Special Fund has not alleged the timeliness of its application for review by the Board, contending instead that the Board abused its discretion by refusing to entertain the late application in the interest of justice. We disagree. While stating that it had neither attended the hearing nor received the memorandum decision, the Special Fund's letter in support of its review application failed to disclose the reason for the 10-month delay from the point in time when it admittedly learned that an award had been made or for its failure to attend the hearing in the first instance. Even in cases involving extenuating circumstances and short delay, circumstances that clearly are not present here, it was neither arbitrary nor capricious for the Board to decline to entertain an untimely appeal *(see, Matter of Eberle v New York State Dept. of Mental Hygiene, Wassaic State School,* 60 AD2d 722).

Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.