■ In the Matter of the Claim of GABRIELLE BROWN, Appellant, v AMERICAN BALLET THEATRE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [787 NYS2d 140]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed October 27, 2003, which ruled that claimant's

application for review of a Workers' Compensation Law Judge's decision was untimely.

Claimant, a ballet dancer, injured her back during a performance in July 1991. She filed a claim for workers' compensation benefits and, following a hearing, her claim was established for accident, notice and causal relationship and an average weekly wage was set. In October 1999, she was classified as having a permanent partial disability. Thereafter, further proceedings were conducted on the issue of whether there should be apportionment between claimant's July 1991 work-related injury and a later injury that occurred during the course of employment with a different employer. At a hearing held on May 16, 2002, the two workers' compensation carriers agreed to 50% apportionment. The Workers' Compensation Law Judge (hereinafter WCLJ) indicated that the 50% apportionment would be applied to a $400 weekly reduced earnings rate. However, the WCLJ's notice of decision and amended notice of decision filed May 30, 2002 awarded claimant a rate of $350. On January 17, 2003, claimant filed an application with the Workers' Compensation Board seeking to have the rate restored to $400. The Board concluded that the application for review was untimely and this appeal ensued.

We affirm. Initially, we reject claimant's contention that an application for Board review was not required to correct the alleged error contained in the WCLJ's decision (*see* Workers' Compensation Law § 23). Workers' Compensation Law § 23 provides that a party seeking "a modification or rescission or review" of a WCLJ's decision must file an application for review with the Board within 30 days of the filing of the decision (*see Matter of Priola v Andrews Staffing,* 305 AD2d 900, 901 [2003]). Notably, the Board has broad discretion to consider or reject a late application for review (*see Matter of Reillo v Energy Saver Insulation Corp.,* 306 AD2d 775, 776 [2003]).

Here, although the record supports claimant's contention that the WCLJ intended to set a $400 weekly rate, claimant waited more than seven months before seeking review of the WCLJ's decision. In addition, she failed to provide an explanation for her delay. Claimant's contention that she attempted to contact the Board several times prior to her application is not supported by the record. Her application for Board review fails to refer to any attempts that were allegedly made to contact the Board. Accordingly, we do not find that the Board abused its discretion in denying claimant's application as untimely (*see Matter of Warren v Gallant Knight Sec.,* 301 AD2d 854 [2003]; *Matter of Velasquez v Tony's Taxi,* 288 AD2d 676, 677 [2001]).

Mercure, J.P., Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.