■ In the Matter of the Claim of ESTHER COHEN, Appellant, v NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [794 NYS2d 752]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed July 14, 2003, which ruled that claimant voluntarily withdrew from the labor market.

Claimant worked as an assistant chemist whose primary duty was computer data entry. In 1998, her claim for workers' compensation benefits was established for occupational disease, notice and causal relationship for bilateral carpal tunnel syndrome and neck and back strain. Subsequently, claimant fell at work and her claim for workers' compensation benefits was established for, among other things, wrist injuries. Claimant thereafter acquired numerous absences which led to the filing of disciplinary charges against her. She resigned on September 26, 2000.

Following hearings, the Workers' Compensation Law Judge found that the employer did not produce credible evidence showing that claimant voluntarily withdrew from the labor market. The employer thereafter filed an application for Workers' Compensation Board review four days after the 30-day period for doing so expired (*see* Workers' Compensation Law § 23; 12 NYCRR 300.13 [a]). The Board agreed to hear the employer's late application and then reversed, prompting this appeal by claimant.

We affirm. Initially, although the employer's application for review of the initial decision was untimely, the Board had discretionary authority to entertain the application beyond the 30-day period (*see Matter of Duff v Port Auth. of N.Y. & N.J.,* 13 AD3d 875, 876 [2004]). In light of the employer's minimal delay in seeking review, we cannot say that the Board abused its discretion in accepting the late application (*see Matter of Chaousy v Marine Midland Bank,* 269 AD2d 625, 626 [2000]).

Moreover, the Board's determination that claimant voluntarily withdrew from the labor market by resigning is supported by substantial evidence (*see Matter of Resto v New York City Hous. Auth.,* 14 AD3d 741, 741-742 [2005]). Although claimant contends that she was "constructively discharged" because the employer intentionally created difficult work conditions which compelled her to resign, the Board was free to assign greater weight to the evidence showing that claimant resigned in order to avoid termination proceedings commenced against her for

excessive absences. Additionally, the Board could rely upon medical evidence demonstrating that claimant's resignation was unrelated to her established injuries. Indeed, there is no indication that claimant resigned on the advice of a physician and, in fact, the record reveals that, in light of the employer's efforts to accommodate claimant, she was able to return to work and resume full-time duties shortly before she resigned. In light of the foregoing, we discern no error in the Board's decision. We have reviewed claimant's remaining contentions and find them to be without merit.

Peters, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.