In the Matter of the Claim of Thomas Doner, Appellant, v Nassau County Police Department et al., Respondents. Workers' Compensation Board, Respondent. [805 NYS2d 694]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 22, 2004, which ruled that claimant's application for review was untimely.

In a decision filed June 5, 2003, a Workers' Compensation Law Judge (hereinafter the WCLJ) disallowed claimant's application for workers' compensation benefits, finding that occupational exposure had not been established. Claimant subsequently filed an application for review by the Workers' Compensation Board on August 21, 2003. The Board denied claimant's application as untimely, and this appeal ensued.

It is well established that Workers' Compensation Law § 23 requires a party seeking review of a WCLJ decision to file an application for review with the Board within 30 days of the filing of the decision (*see Matter of Giancola v Eagle Elec. Mfg. Co., Inc.*, 13 AD3d 824, 825 [2004], *lv dismissed* 5 NY3d 783 [2005]; *Matter of Brown v American Ballet Theatre*, 13 AD3d 797, 798 [2004]), not within 30 days of the service of the deci-

sion on the parties (*see Matter of Friss v City of Hudson Police Dept.*, 187 AD2d 94, 96 [1993]). Accordingly, claimant's application for review, which was filed more than two months after the filing of the WCLJ decision, was untimely.

It is also well settled that the Board has wide discretion to accept or reject untimely applications for review and we will not disturb such a determination absent an abuse of that discretion (*see Matter of Cohen v New York City Dept. of Envtl. Protection*, 18 AD3d 1036, 1037 [2005]; *Matter of Giancola v Eagle Elec. Mfg. Co., Inc., supra* at 825; *Matter of Brown v American Ballet Theatre, supra* at 798). Here, the Board found that claimant failed to provide a sufficient explanation for the untimeliness of his application. The Board noted that both claimant and his attorney were properly listed on the WCLJ decision as parties of interest and, therefore, copies of the decision would have been mailed to each of them in the course of the Board's regular procedure. While his attorney's affirmation contains a bare statement that counsel did not timely receive the decision, the record contains no evidence that claimant also did not receive it in a timely manner. Given this, we cannot conclude that the Board abused its discretion in denying claimant's application for review as untimely (*see Matter of Giancola v Eagle Elec. Mfg. Co., Inc., supra* at 825; *Matter of Brown v American Ballet Theatre, supra* at 798).

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.