■ In the Matter of the Claim of DENISE BACKUS, Respondent, v WESLEY HEALTH CARE CENTER, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [809 NYS2d 638]—

Rose, J. Appeals from two decisions of the Workers' Compensation Board, filed October 21, 2004 and March 30, 2005, which, inter alia, ruled that the workers' compensation carrier's application for review was untimely.

In a decision filed February 8, 2002, a workers' compensation law judge (hereinafter the WCLJ) granted claimant's application for workers' compensation benefits, fixed the average weekly wage and directed the employer's workers' compensation carrier to continue making payments. The carrier stopped making payments on July 1, 2003 when it learned that claimant had returned to work, and, following hearings, the WCLJ made reduced earnings awards. The carrier did not object to the earlier calculation of the average weekly wage and thereafter continued making payments.

On April 16, 2004, the carrier filed an application for review and rehearing of the February 8, 2002 decision, arguing that the average weekly wage was established based upon the mistaken assumption that the C-240 form listed weekly salary payments when, in fact, it listed biweekly salary payments. The Workers' Compensation Board denied the carrier's application

as untimely. The Board also denied the carrier's subsequent application for reconsideration and/or full Board review. The employer and its carrier now appeal from both decisions.

It is well settled that Workers' Compensation Law § 23 requires a party seeking review of a WCLJ decision to file an application for review with the Board within 30 days of the filing of the decision (*see Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 978 [2005]; *Matter of Giancola v Eagle Elec. Mfg. Co., Inc.*, 13 AD3d 824, 825 [2004], *lv dismissed* 5 NY3d 783 [2005]). The Board has broad discretion to accept or reject as untimely an application for review, and we will not disturb such a determination absent an abuse of that discretion (*see Matter of Cohen v New York City Dept. of Envtl. Protection*, 18 AD3d 1036, 1037 [2005], *lv dismissed* 5 NY3d 872 [2005]). Here, the Board found that the carrier failed to provide any explanation or excuse for the more than two-year delay in filing the application for review. The record reveals that the carrier never objected to the miscalculation of the average weekly wage at any time before it submitted its application for review and it offered no explanation for the fact that it calculated the average weekly wage based upon the same assumptions as the Board even before the February 8, 2002 decision and continued paying claimant at that rate. Accordingly, the Board's decision is supported by substantial evidence (*see Matter of Brown v American Ballet Theatre*, 13 AD3d 797, 798 [2004]).

Insofar as the carrier also requested a rehearing, it was within the Board's discretion to determine that the carrier's oversight of the biweekly salary payments in the C-240 form did not warrant a rehearing where no new evidence would be presented (*see* 12 NYCRR 300.14 [a], [b]; *Matter of Macareno v Son Yeng Produce*, 305 AD2d 928, 929 [2003]). For the same reason, we find no abuse in the Board's denial of the carrier's request for reconsideration and/or full Board review (*see Matter of Snarski v New Jersey Mfrs. Ins. Group*, 20 AD3d 803, 804-805 [2005]).

Crew III, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.