■ In the Matter of the Claim of Donna A. Wilkinson, Respondent, v Bendix Friction Corporation et al., Appellants. Workers' Compensation Board, Respondent. [820 NYS2d 188]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 4, 2004, which ruled that the employer's application for review was untimely.

After being diagnosed with a lung condition, claimant filed a claim for workers' compensation benefits. In a decision filed August 8, 2003, a Workers' Compensation Law Judge (hereinafter WCLJ) determined, among other things, that claimant suffers from an occupational disease which is causally related to her 1969 exposure to asbestos while working for the employer, but that she is not currently disabled due to that condition. Claimant subsequently filed an application for review. The self-insured employer and its third-party administrator, as well as other potentially liable parties, filed rebuttals to claimant's application for review before the Workers' Compensation Board. By decision filed January 29, 2004, the Board affirmed, finding that, to the extent the rebuttals sought review of the August 2003 decision, they were untimely and that the WCLJ's factual findings were otherwise proper. Thereafter, in February 2004, the employer and its third-party administrator filed an application for Board review of the August 2003 WCLJ decision. By decision filed October 4, 2004 the Board denied the employer's application as untimely, and the employer now appeals.*

The Board has broad discretion to accept or reject applications for review filed after the expiration of the 30-day period set forth in Workers' Compensation Law § 23 (*see Matter of Backus v Wesley Health Care Ctr., Inc.*, 26 AD3d 664, 665 [2006]; *Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 978-979 [2005]). We are not convinced that the Board abused that discretion in this case and, accordingly, we will not disturb its determination (*see Matter of Backus v Wesley Health Care Ctr., Inc., supra* at 665; *Matter of Doner v Nassau County Police Dept., supra* at 979). While the employer's third-party adminis-

---

* Although the employer appealed from both the January 2004 and the October 2004 Board decisions, the appeal from the January 2004 decision was dismissed by order of this Court entered September 23, 2005.

trator apparently did not receive notice of the WCLJ decision, such an omission may be overlooked as the employer is the real party in interest and did, in fact, receive such notice (*see Matter of Wilson v Chicago Bridge & Iron*, 2 AD3d 1004, 1005 [2003]; *see also* Workers' Compensation Law § 54 [2]; *Matter of Conway v CBI Servs.*, 1 AD3d 739, 741-742 [2003]). Moreover, both the employer and its third-party administrator received notice of claimant's application for review in September 2003 and, indeed, filed a rebuttal thereto. However, neither the employer nor its third-party administrator filed an application for review until February 2004 and have provided no explanation for this delay.

Crew III, Spain, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.