In the Matter of the Claim of Marshane E. McCurty, Respondent, v Syracuse University, Appellant. Workers' Compensation Board, Respondent. [825 NYS2d 294]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed June 6, 2005, which, inter alia, ruled that claimant had a 50% schedule loss of use of his right leg.

Claimant was employed by Syracuse University (hereinafter the employer) as a public safety officer. In March 2002, he suffered an injury to his right knee while giving chase on foot to a fleeing criminal suspect. Claimant was subsequently awarded workers' compensation benefits. His case was continued, however, for further development of the record on the issue of apportionment, which issue had been raised by the employer in light of claimant's preexisting knee problems. Thereafter, in a November 2003 reserved decision, a Workers' Compensation Law Judge (hereinafter WCLJ) held that claimant's prior knee

condition had not affected his ability to perform his job duties and, therefore, apportionment was not appropriate. In addition, the WCLJ deferred any findings regarding schedule loss of use pending receipt of a medical report from claimant's physician concerning maximum medical improvement and permanency. The employer did not seek review by the Workers' Compensation Board of the November 2003 decision. In a January 2005 reserved decision, the WCLJ determined that claimant had a 50% schedule loss of use of his right leg. On application for review by the employer, the Board affirmed that decision and, in so doing, noted that it would not revisit the issue of apportionment as requested by the employer inasmuch as that issue had already been decided in the November 2003 decision and the employer had not sought review therefrom. The employer now appeals, arguing that the Board, among other things, erred in failing to consider and direct apportionment. We disagree and affirm.

It is clear that the November 2003 decision specifically addressed the issue of apportionment and expressly held that it was improper in this case. Consequently, the employer had 30 days after notice of the filing of that decision to request review of that issue by the Board (*see* Workers' Compensation Law § 23; *Matter of Backus v Wesley Health Care Ctr., Inc.*, 26 AD3d 664, 665 [2006]; *Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 978 [2005]). It is undisputed that the employer failed to request such review during the applicable 30-day period. Moreover, the January 2005 decision, which included a direction for payments in accordance with previous findings, did not provide the employer with additional time in which to appeal the apportionment issue (*see Matter of Andrello v Hotel Oneida & Bruno's Beach House*, 165 AD2d 916, 916-917 [1990]). Thus, recognizing that the Board possesses broad authority to either accept or reject a late application for review (*see Matter of Wilkinson v Bendix Friction Corp.*, 32 AD3d 636, 637 [2006]; *Matter of Backus v Wesley Health Care Ctr., Inc., supra* at 665; *Matter of Doner v Nassau County Police Dept., supra* at 979), we discern no basis in the record to conclude that the Board abused its discretion in declining to revisit the previously decided issue of apportionment. In that regard, we note that the employer presented no new evidence justifying reconsideration of that issue (*see Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]).

The employer's remaining contentions, including its claim that the Board improperly imposed upon it a $250 penalty pursuant to Workers' Compensation Law § 23, have been examined and found to be unavailing.

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.