In the Matter of the Claim of Frank Salatti III, Appellant, v Crucible Materials Corporation et al., Respondents. Workers' Compensation Board, Respondent. [824 NYS2d 793]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 9, 2005, which ruled that claimant's request for rescission of a direction to reimburse the employer was untimely.

Claimant, a data entry clerk, suffered work-related injuries to his left wrist and was awarded lost wage benefits in a decision filed by a Workers' Compensation Law Judge (hereinafter WCLJ) on May 2, 2003. That decision also directed claimant's employer to be reimbursed "as appropriate." The employer's workers' compensation carrier thereafter sought review from the Workers' Compensation Board and, in response to that application, claimant's attorney submitted a rebuttal wherein he stated that "the decision of [May 2, 2003] is fully supported by the record [and] should be affirmed in all respects." The Board, in a decision filed August 5, 2003, modified the WCLJ's May 2, 2003 decision by removing the phrase "payable by Hartford without prejudice" and otherwise affirmed.

The employer was reimbursed in accordance with the May 2, 2003 decision and, subsequently, claimant's attorney, among other things, asserted for the first time that the direction of the WCLJ to reimburse the employer should be reversed. In a decision filed June 8, 2005, the WCLJ, among other things, noted that the May 2, 2003 decision had previously been appealed on various other grounds and the Board had not disturbed the direction to reimburse the employer. Citing claimant's failure to raise that issue earlier, the WCLJ declined to consider it.

Claimant's application for full Board review, limited to the issue of employer reimbursement, was denied, prompting this appeal.

Significantly, "[t]he Board has broad discretion to accept or reject applications for review filed after the expiration of the 30-day period set forth in Workers' Compensation Law § 23" (*Matter of Wilkinson v Bendix Friction Corp.*, 32 AD3d 636, 637 [2006]). Here, in denying claimant's application, the Board noted that claimant's appeal, while ostensibly one from the June 8, 2005 decision, actually sought review of a finding arising out of the May 2, 2003 decision, which claimant did not timely appeal. Inasmuch as such a conclusion is supported by substantial evidence and is not an abuse of the Board's discretion, we decline to disturb it (*see Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 978-979 [2005]).

Peters, Spain, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.