Peters, J.P.
Appeals (1) from a decision of the Workers’ Compensation Board, filed April 4, 2007, which, among other things, ruled that the employer’s applications for review were untimely, and (2) from a decision of said Board, filed November 9, 2007, which denied the employer’s request for reconsideration and/or full Board review.
*842 In February 1997, decedent, Walter Corley, Jr., was shot and killed while working as a security guard at a nightclub. Thereafter, a claim for workers’ compensation death benefits was filed by claimant on behalf of her son, as decedent’s minor child. Investigation concerning the identity of decedent’s employer revealed that Daniel Matarese owned the nightclub on the date of the shooting. In March 2000, shortly after Matarese submitted an affidavit wherein he averred that he understood that he may be subject to liability for decedent’s death, a notice of hearing was sent to him at 209 Colby Place in Morganville, New Jersey. Matarese appeared at the ensuing May 2000 hearing, at which time a Workers’ Compensation Law Judge (hereinafter WCLJ) made a finding of jurisdiction over him, placed him on notice as the employer and continued the case. Over the next year and a half, numerous hearings were scheduled and the case was continued multiple times; however, Matarese did not appear at any of these hearings or any future hearings.
In December 2001, a hearing was held and the case was marked “no further action” pending the receipt of a police report relating to the shooting of decedent. When the police report was eventually received by the Workers’ Compensation Board in January 2003, the Board reopened the case and sent notice to all parties. Notices for the various hearings scheduled from 2003 through 2005 were sent to Matarese by certified mail, return receipt requested, but were all returned as either “unclaimed” or undeliverable as addressed. Allegedly, in the summer of 2004, Matarese moved from his Colby Place address to 485 Texas Road in Morganville, New Jersey, but failed to notify the Board of the change of address.
At an April 2006 hearing, for which Matarese was sent notice but failed to appear, the WCLJ found that decedent’s death was causally related to his employment, that claimant’s son was decedent’s lawful son entitled to awards at a weekly rate of $250, and that Matarese was decedent’s employer on the date of the accident. These findings were embodied in the WCLJ decision filed May 4, 2006. On August 10, 2006, after allegedly first learning of the April 2006 hearing and subsequent decision, Matarese sought Board review of the WCLJ decision and filed a supplemental application for Board review on October 30, 2006. By decision filed April 4, 2007, the Board denied Matarese’s applications on procedural grounds, finding, among other things, that the applications were untimely. Subsequently, the Board denied Matarese’s application for full Board review and/or reconsideration. He appeals both decisions.
Workers’ Compensation Law § 23 requires a party seeking *843 review of a WCLJ decision to file a written application for review with the Board within 30 days of the filing of the decision (see Matter of Doner v Nassau County Police Dept., 24 AD3d 978, 978 [2005]; Matter of Giancola v Eagle Elec. Mfg. Co., Inc., 13 AD3d 824, 825 [2004], lv dismissed 5 NY3d 783 [2005]). Here, both Matarese’s initial application, filed more than three months after the filing of the WCU decision, and his supplemental application, filed nearly six months after the filing of said decision, were untimely. Consequently, the Board exercised its broad discretion to reject as untimely the applications for review, a determination that we will not disturb absent an abuse of discretion (see Matter of Backus v Wesley Health Care Ctr., Inc., 26 AD3d 664, 665 [2006]; Matter of Doner v Nassau County Police Dept., 24 AD3d at 979).
In his applications, Matarese explained that the delay in filing was due to the fact that he never received notice of the WCLJ’s May 4, 2006 decision or the April 26, 2006 hearing which resulted in that decision, as such notices were sent to his former Colby Place address. The Board found, and we agree, that Matarese’s failure to receive these notices was due to his own conduct in failing to provide the Board with his new address. Indeed, such a conclusion finds support in numerous prior decisions of the Board, which hold that an employer or workers’ compensation carrier has the affirmative obligation to provide the Board with any change of address (see e.g. Matter of Rising Star Contr. Corp., 2008 WL 2610859, *2, 2008 NY Wrk Comp LEXIS 6004, *3-4 [WCB No. 0062 2939, June 18, 2008]; Matter of Baldor Enters., 2002 WL 31536345, *1, 2002 NY Wrk Comp LEXIS 97521, *2 [WCB No. 0011 0904, Nov. 7, 2002]; Matter of Kunstadt, 2001 WL 1027768, *2, 2001 NY Wrk Comp LEXIS 89858, *2-3 [WCB No. 2971 9969, Apr. 2, 2001]), and that the delay in receiving notice of a decision, caused by the failure to so inform the Board, may not excuse the untimely filing of an application for review (see e.g. Matter of Great E. Litho Corp., 2000 NY Wrk Comp LEXIS 112886, *1 [WCB No. 5972 0759, May 18, 2000]; Matter of Ryder Commercial Leasing, Inc., 1999 WL 33265277, *1, 1999 NY Wrk Comp LEXIS 9628316, *2-3 [WCB No. 0962 8316, Nov. 22, 1999]). Notably, Matarese does not dispute that he failed to inform the Board of his new address, instead arguing that the Board had actual notice due to the presence of a Texas Road address on two envelopes that were sent to Matarese’s Colby Place address in 2005 but were marked “Return to Sender.” However, since the record reveals that a subsequent notice sent to this Texas Road address was returned to the Board as “Refused,” we find that it was reasonable for the Board to resume sending notices to Matarese’s ad *844 dress of record. Under these circumstances, we cannot say that the Board abused its discretion in refusing to entertain the untimely applications (see Matter of Eberle v New York State Dept. of Mental Hygiene, Wassaic State School, 60 AD2d 722 [1977]; see also Matter of Reillo v Energy Saver Insulation Corp., 306 AD2d 775, 776-777 [2003]).
Turning to Matarese’s challenge to the Board’s denial of his application for full Board review and/or reconsideration, “our review is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner in denying [the] application” (Matter of Robinson v Interstate Natl. Dealer, 50 AD3d 1325, 1326 [2008]; see Matter of Molina v Lopano, 47 AD3d 1083, 1084 [2008]). In his application, Matarese primarily challenged the WCLJ’s findings of an employer-employee relationship, submitted his own affidavit and that of a manager at the nightclub in support of his position that he was not the employer of decedent on the date of the accident, and argued that further development of the record on that issue was necessary. The proffered evidence, however, was not new evidence that was previously unavailable at the time of the hearings (see Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003], lv dismissed 1 NY3d 564 [2003]; Matter of Howard v New York Times, 302 AD2d 698, 700 [2003], lv dismissed in part and denied in part 100 NY2d 531 [2003]). Moreover, Matarese appeared at the initial hearing in 2000 and was specifically put on notice as the employer, yet opted not to appear for any of the subsequent scheduled hearings between 2000 and 2003 for which he had notice and could have presented evidence that he was not the proper employer. Accordingly, upon our review of the record, we are unable to conclude that the Board’s denial of Matarese’s application was an abuse of discretion or arbitrary and capricious (see Matter of Rambally v Greenberg, 14 AD3d 742, 743 [2005]).
Matarese’s remaining contentions, to the extent not addressed herein, have been reviewed and found to be lacking in merit.
Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the decisions are affirmed, without costs.