◼ In the Matter of Hector Lopez, Respondent, v 395 Brook Realty Corporation, Appellant. Workers' Compensation Board, Respondent. [898 NYS2d 533]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2009, which ruled that the application of 395 Brook Realty Corporation for review of a Workers' Compensation Law Judge's decision was untimely.

Claimant sought workers' compensation benefits alleging that he was injured during the course of his employment with David Damaghi, the owner of 395 Brook Realty Corporation. In a decision filed September 8, 2008, a Workers' Compensation Law Judge (hereinafter WCLJ) decided, among other things, that an employer-employee relationship existed between claimant and Brook Realty and awarded benefits to claimant. Two months later, Brook Realty subsequently submitted an application for review of this decision with the Workers' Compensation Board. The Board denied the application as untimely, prompting this appeal.

A party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision (*see* Workers' Compensation Law § 23; *Matter of Toner v Michael Hanley Moving & Stor.*, 40 AD3d 1199, 1200 [2007], *lv denied* 9 NY3d 808 [2007]; *Matter of Backus v Wesley Health Care Ctr., Inc.*, 26 AD3d 664, 665 [2006]). Accordingly, Brook Realty's application for review, filed almost two months after the WCLJ's decision, was untimely. Further, "the Board has wide discretion to accept or reject

untimely applications for review and we will not disturb such a determination absent an abuse of that discretion" (*Matter of Doner v Nassau County Police Dept.*, 24 AD3d 978, 979 [2005]; *see Matter of Hyland v Matarese*, 56 AD3d 841, 843 [2008]; *Matter of Wilkinson v Bendix Friction Corp.*, 32 AD3d 636, 637 [2006]). Here, as the Board noted, Brook Realty failed to acknowledge at the time of the filing that the application was untimely or offer any explanation as to why the application could not have been timely filed. Under these circumstances, the Board's denial of the application for review as untimely was not an abuse of its discretion (*see Matter of Salatti v Crucible Materials Corp.*, 34 AD3d 1145, 1146 [2006]; *Matter of Doner v Nassau County Police Dept.*, 24 AD3d at 979; *Matter of Brown v American Ballet Theatre*, 13 AD3d 797, 798 [2004]).

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.