■ In the Matter of the Claim of CRAIG CECCATO, Appellant, v OUTOKUMPU AMERICAN BRASS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 684]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 21, 2009, which ruled that claimant's application for review of a Workers' Compensation Law Judge's decision was untimely.

Claimant suffered a work-related injury to his back in November 1991 and began receiving workers' compensation benefits. He was classified with a permanent partial disability in 1995 and his claim was later amended to include consequential depressive disorder. Following a March 2009 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a decision, filed March 10, 2009, which made various awards of benefits to claimant. Claimant's application for review of this decision was denied by the Workers' Compensation Board as untimely, prompting this appeal.

Workers' Compensation Law § 23 provides that a party seeking review of a WCLJ decision must file an application for review with the Board within 30 days of the filing of the decision (see Matter of Lopez v 395 Brook Realty Corp., 72 AD3d 1389, 1389 [2010]; Matter of Hyland v Matarese, 56 AD3d 841, 842-843 [2008]). "The Board has broad discretion to accept or reject as untimely an application for review, and we will not disturb such a determination absent an abuse of that discretion" (Matter of Backus v Wesley Health Care Ctr., Inc., 26 AD3d 664, 665 [2006] [citation omitted]; see Matter of Wilkinson v Bendix Friction Corp., 32 AD3d 636, 637 [2006]). Here, claimant's application, filed 42 days after the filing of the WCLJ's decision, was indeed untimely. Claimant alleged in his application that the delay in filing was due to the fact that he was laboring under the misapprehension that the 30-day limita-

tions period referred to business days, rather than calendar days. Despite the circumstances and the short delay, we simply cannot say that the Board abused its discretion in denying the application as untimely (*see Matter of Venezia v Vigliarolo*, 191 AD2d 797, 798 [1993]; *Matter of Eberle v New York State Dept. of Mental Hygiene, Wassaic State School*, 60 AD2d 722 [1977]).

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.