■ In the Matter of the Claim of NANCY D'ADDIO, as Widow of EDWARD D'ADDIO, Deceased, Claimant, v PETER ANNIS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [962 NYS2d 794]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 3, 2011, which ruled that the application by the employer and its workers' compensation carrier for review of a Workers' Compensation Law Judge's decision was untimely.

Decedent, who had a previously established claim for occupational disease due to asbestosis, died in 2009 and claimant, his widow, thereafter filed this claim for workers' compensation death benefits. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that decedent had suffered a work-related death and, insofar as is relevant here, directed that the employer's workers' compensation carrier deposit "an amount equal to the present value of all unpaid benefits together with such additional sum as is necessary for

the administration [there]of" into the aggregate trust fund (hereinafter ATF) (*see* Workers' Compensation Law § 27). The WCLJ's decision was filed in July 2010, and there is no indication that either the employer or the carrier sought review thereof by the Workers' Compensation Board.

In September 2010, the carrier requested further action with respect to modification of decedent's average weekly wage and, following additional proceedings, the WCLJ issued a decision in December 2010—again directing that the carrier make the required deposit into the ATF. The employer and the carrier (hereinafter collectively referred to as the carrier) sought review of the WCLJ's December 2010 decision, contending—for the first time—that a deposit into the ATF was unwarranted and inappropriate. The Board denied the carrier's application as untimely and this appeal ensued.

We affirm. "A party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision" (*Matter of Lopez v 395 Brook Realty Corp.*, 72 AD3d 1389, 1389 [2010] [citations omitted]; *see* Workers' Compensation Law § 23). The Board is vested with "broad discretion to accept or reject as untimely an application for review" and, absent an abuse of such discretion, the Board's decision will not be disturbed (*Matter of Ceccato v Outokumpu Am. Brass*, 79 AD3d 1324, 1324 [2010] [internal quotation marks and citations omitted]; *see Matter of You Cai Zhang v Tony's Marble & Granite Supply Corp.*, 95 AD3d 1510, 1511 [2012]).

Here, the WCLJ's July 2010 decision clearly directed the carrier to deposit "an amount equal to the present value of all unpaid benefits together with such additional sum as is necessary for the administration [there]of" into the ATF and, as noted previously, there is nothing in the record to suggest that the carrier sought review of that decision within the required 30-day period. Although the WCLJ's December 2010 decision also made reference to the required ATF deposit, that reference did not operate to extend the carrier's time in which to appeal the WCLJ's July 2010 directive in this regard (*see Matter of McCurty v Syracuse Univ.*, 34 AD3d 1012, 1013 [2006]). Finally, upon review of the record before us, we cannot say that the Board abused its discretion in rejecting the carrier's application as untimely (*see id.* at 1013; *see also Matter of Ceccato v Outokumpu Am. Brass*, 79 AD3d at 1324-1325). To the extent that the carrier notes that the Board has on prior occasions elected to entertain untimely applications in the interest of justice (*see* Workers' Compensation Law § 123), the Board's

exercise of such power is an inherently discretionary act (*see Matter of White v Herman*, 56 AD3d 872, 873 [2008]). Again, we perceive no abuse of that discretion here. In light of this conclusion, we need not reach the remaining issues raised by the carrier.

Peters, P.J., Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.