# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 8, 2015                    520584
_____

In the Matter of the Claim of
    THOMAS RIESCHER,
                    Respondent,

        v

CENTRAL HUDSON GAS ELECTRIC,
                    Respondent,

        and

TRAVELERS INDEMNITY COMPANY OF
    AMERICA,                                MEMORANDUM AND ORDER
                    Respondent,

        and

ALLIANCE NATIONAL INSURANCE CO.,
    Formerly Known as UTILITIES
    MUTUAL INSURANCE CO.,
                    Appellant.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  September 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

    Law Offices of Melissa A. Day, PLLC, Amherst (Megan B.
Szeliga of counsel), for appellant.

    Law Offices of John Wallace, Buffalo (Christina M. Hassler
of counsel), for Travelers Indemnity Company of America,
respondent.

_____

Garry, J.

Appeal from a decision of the Workers' Compensation Board, filed April 18, 2014, which apportioned the increase in the schedule loss of use award for claimant's left leg between Alliance National Insurance Co. and Travelers Indemnity Company of America.

Claimant suffered two injuries to his left knee while he was employed as a lineman for the employer, a utility company, and filed claims for workers' compensation benefits with respect to each. The first injury occurred in 1999 and eventually resulted in claimant obtaining a schedule loss of use award for his left leg of 30% (WCB case no. 59920830). Alliance National Insurance Co., formerly known as Utilities Mutual Insurance Co., was the employer's insurance carrier at the time and was responsible for paying this award. The second injury occurred in 2009 and resulted in a case being established for work-related injuries to both of claimant's knees, including a total bilateral knee replacement (WCB case no. G0210584). Travelers Indemnity Company of America was the employer's insurance carrier at the time of this injury. Based upon medical evidence attributing the need for left knee surgery to both injuries and per the agreement of the two carriers, the cost of claimant's left knee surgery was apportioned 80% to the 1999 claim covered by Alliance and 20% to the 2009 claim covered by Travelers.

Thereafter, in February 2013, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that the apportionment was applicable only to the increase in the schedule loss of use award for claimant's left leg. Following further proceedings at which additional medical evidence was presented, the WCLJ issued a reserved decision in May 2013 finding that claimant had an overall schedule loss of use of his left leg of 50%, which represented an increase of 20% over the prior schedule loss of use award. Applying the apportionment percentages to the increase and taking into account Alliance's responsibility for the prior 30% schedule loss of use award, Alliance was effectively responsible for 46% of the 50% overall schedule loss of use award and Travelers was responsible for 4%. Accordingly, Alliance made an application for Board review of the WCLJ's May 2013 reserved decision, arguing that the apportionment percentages should be applied to the overall schedule loss of use

award, not just the increase.  A panel of the Workers' Compensation Board disagreed and affirmed the decision of the WCLJ.  Alliance now appeals.

Initially, although the WCLJ's February 2013 decision specifically stated that the stipulated apportionment percentages applied "only to the increase in the schedule loss of use regarding claimant's left leg," Alliance did not request Board review of this decision in accordance with Workers' Compensation Law § 23 even though it disagreed with the manner in which the apportionment percentages were to be applied.  Alliance, however, did request Board review of the WCLJ's May 2013 reserved decision establishing that claimant had a 50% overall schedule loss of use and applying the percentages to determine each carrier's liability.  Contrary to Alliance's claim, the Board's decision reveals that it fully considered Alliance's argument with respect to the manner in which the apportionment percentages should have been applied, but chose not to revisit this issue in light of the WCLJ's February 2013 decision.  We find that the Board did not abuse its discretion in declining to reconsider the manner in which the WCLJ applied the apportionment percentages (see Matter of McCurty v Syracuse Univ., 34 AD3d 1012, 1013 [2006]) and further that this issue is not properly before this Court (see Matter of Harris v Phoenix Cent. School Dist., 28 AD3d 1051, 1052-1053 [2006]).

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court