*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 28, 2016                    521244
_____

In the Matter of the Claim of
    KIMBERLY CASSANO,
                        Respondent,

        v

SUNRISE MEDICAL LABORATORY,
    INC., et al.,
                        Respondents,            MEMORANDUM AND ORDER
        and

SPECIAL FUND FOR REOPENED
    CASES,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  December 15, 2015

Before:  Peters, P.J., Garry, Rose and Devine, JJ.

                        _____

        Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for appellant.

        William O'Brien, State Insurance Fund, Melville (Peter
Lampasona of counsel), for Sunrise Medical Laboratory, Inc. and
another, respondents.

                        _____

Peters, P.J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 21, 2015, which ruled that the application of the
Special Fund for Reopened Cases for review of an administrative

decision was untimely.

In 2005, claimant suffered work-related injuries and her claim for workers' compensation benefits was established. Subsequently, claimant was found to be permanently partially disabled and the employer's workers' compensation carrier filed a claim for reimbursement from the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 15 (8). In 2009, the Special Fund conceded a 40% liability under Workers' Compensation Law § 15 (8) and the carrier requested that the Workers' Compensation Board issue an administrative decision establishing the Special Fund's liability at that rate. In an administrative decision filed on September 16, 2009, the Board established the applicability of Workers' Compensation Law § 15 (8), without limiting the Special Fund's liability to 40%. In March 2014, the Special Fund applied for review of the Board's administrative decision. The Board denied the application as untimely, prompting this appeal.

We affirm. Objections to an administrative decision must be submitted to the Board within 30 days of its issuance (see Matter of Isaacs v Fleet Fin. Servs., 8 AD3d 879, 879 [2004]; 12 NYCRR 313.3 [c]). Moreover, "[t]he Board has broad discretion to accept or reject as untimely an application for review, and we will not disturb such a determination absent an abuse of that discretion" (Matter of Backus v Wesley Health Care Ctr., Inc., 26 AD3d 664, 665 [2006]; see Matter of Isaacs v Fleet Fin. Servs., 8 AD3d at 879). Here, it is undisputed that the Special Fund's application was untimely, as it was filed more than four years after the administrative decision was filed. Further, the Special Fund provided no explanation for the long delay. Under these circumstances, the Board's denial of the application for review was not an abuse of discretion (see Matter of Backus v Wesley Health Care Ctr., Inc., 26 AD3d at 665; Matter of Brown v American Ballet Theatre, 13 AD3d 797, 798 [2004]). Although the Special Fund contends that the Board should have entertained the untimely application in the interest of justice (see Workers' Compensation Law § 123), "the Board's exercise of such power is an inherently discretionary act" (Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114-1115 [2013]) and, in light of the foregoing, we again find no abuse of discretion by the Board.

Garry, Rose and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court