Matter of Genduso v New York City Dept. of Educ. (2018 NY Slip Op 05981)





Matter of Genduso v New York City Dept. of Educ.


2018 NY Slip Op 05981


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

525766

[*1]In the Matter of the Claim of ANTHONY GENDUSO, Appellant,
v
NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Grey & Grey LLP, Farmingdale (Robert E. Grey of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York City (Yasmean N. Tamoor of counsel), for New York City Department of Education, respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from an amended decision of a panel of the Workers' Compensation Board, filed October 27, 2017, which ruled, among other things, that claimant had a 7.5% schedule loss of use of his right leg as the result of an October 16, 2013 accident.
On July 29, 1997, claimant sustained work-related injuries to his right ankle and right knee when a ladder holding a coworker toppled over on him. He filed a claim for workers' compensation benefits, and a Workers' Compensation Law Judge (hereinafter WCLJ) awarded him a 20% schedule loss of use (hereinafter SLU) of the right leg. On August 4, 1999, claimant reinjured his right knee when he slipped and fell at work, and he filed another claim for workers' compensation benefits. A WCLJ awarded him a 12.5% SLU of the right leg attributable to this injury.
On October 16, 2013, claimant injured his right knee again while climbing a ladder at work, and he filed a third claim for workers' compensation benefits. The parties submitted conflicting medical reports on the loss of use of claimant's right knee due to this injury and were directed to conduct depositions of their medical experts with respect to this issue. In light of the failure of the expert retained by the self-insured employer to appear for depositions, the WCLJ struck his report and credited the report prepared by claimant's expert, which awarded claimant a 40% SLU of the right leg. The WCLJ, however, deducted the prior SLU awards of 20% and 12.5% from this figure and concluded that a 7.5% SLU award was appropriate as causally-related to claimant's 2013 injury. Claimant appealed and the Workers' Compensation Board affirmed the WCLJ's decision. Claimant then sought discretionary full Board review of this decision based [*2]upon a factual error. A panel of the Board denied the request for full Board review, but issued an amended decision correcting the factual error and upheld the WCLJ's decision. Claimant now appeals the amended decision.
Claimant contends that the Board erroneously awarded him a 7.5% SLU of his right leg due to his 2013 injury by deducting the entire 20% SLU award attributable to his 1997 injury from the 40% SLU award that it adopted from his expert's report. He maintains that the 20% SLU award was comprised of a 8.5% loss of use of his right ankle and a 11.5% loss of use of his right knee, and that only the latter should have been deducted from the 40% SLU award. Under claimant's reasoning, reducing the 40% SLU award by the 11.5% SLU attributable to his 1997 right knee injury, as well as the 12.5% SLU attributable his 1999 injury, would entitle him to a 16% SLU award.
We find claimant's argument to be unpersuasive. Workers' Compensation Law § 15 (3) sets forth SLU awards that the Board may make resulting from permanent injuries to certain body parts, losses of hearing or vision and facial disfigurements. This Court has observed that such awards are not given for particular injuries, but rather "for the residual physical and functional impairments" (Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 [2015], lv denied 26 NY3d 911 [2015]; see New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5, at 10 [2012]). Consistent with this observation, neither the statute nor the Board's guidelines lists the ankle or the knee as body parts lending themselves to separate SLU awards. Rather, impairments to these extremities are encompassed by awards for the loss of use of the leg (see Workers' Compensation Law § 15 [3] [b]; New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 8, at 43 [2012]). Inasmuch as the 20% SLU award granted with respect to claimant's 1997 injury was for the loss of use of his right leg, it was not improper for the Board to deduct it from the 40% SLU award that it found applicable to claimant's 2013 injury in arriving at the final SLU award of 7.5%.
Notwithstanding claimant's assertion, the medical evidence submitted in connection with his 1997 injury does not support a contrary conclusion. In any event, inasmuch as claimant did not seek Board review of the WCLJ's decision awarding him a 20% SLU of the right leg with respect to his 1997 injury, he is precluded from challenging it now (see Matter of McCurty v Syracuse Univ., 34 AD3d 1012, 1013 [2006]).
Garry, P.J., Devine, Clark and Aarons, JJ., concur.
ORDERED that the amended decision is affirmed, without costs.