Matter of Zuniga v Aliah Home Care Inc. (2020 NY Slip Op 02696)





Matter of Zuniga v Aliah Home Care Inc.


2020 NY Slip Op 02696


Decided on May 7, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 7, 2020

529285

[*1]In the Matter of the Claim of Zulma Zuniga, Claimant,
v
Aliah Home Care Inc., Appellant, and County Agency, Respondent. Workers' Compensation Board, Respondent.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Law Office of Heather N. Kaplan PC, Port Jefferson Station (Heather N. Kaplan of counsel), for appellant.
LOIS LLC, New York City (Jeremy L. Janis of counsel), for County Agency, respondent.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



Devine, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 5, 2018, which ruled, among other things, that the application of Aliah Home Care Inc. for review of certain decisions of the Workers' Compensation Law Judge was untimely, and (2) from a decision of said Board, filed February 26, 2019, which denied a request by Aliah Home Care Inc. for reconsideration and/or full Board review.
Claimant, a home health care aide, filed a 2013 claim for workers' compensation benefits that listed her employer as Aliah Home Care Inc. By decisions filed in April 2015, October 2015, January 2016 and February 2016, a Workers' Compensation Law Judge (hereinafter WCLJ), among other things, found that Aliah was claimant's employer and was 100% liable for all awards and assessments made. Claimant thereafter was classified as having a permanent partial disability and, over the years, numerous unanswered demands for payment were tendered to Aliah.
In June 2018, Aliah filed an application with the Workers' Compensation Board seeking review of the foregoing WCLJ decisions, asserting, among other things, that claimant actually was employed by an entity known as County Agency.[FN1] By decision filed November 5, 2018, the Board, among other things, denied the application for review as untimely, noting that each of the challenged decisions had been mailed to Aliah and that Aliah had been afforded notice and an opportunity to be heard. Aliah's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.[FN2]
"A party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision" (Matter of Williams v Village of Copenhagen, 175 AD3d 1745, 1746 [2019] [internal quotation marks and citations omitted]; accord Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114 [2013]; see Workers' Compensation Law § 23; 12 NYCRR 300.13 [b] [3] [i]). "The Board has broad discretion to accept or reject as untimely an application for review, and we will not disturb such a determination absent an abuse of that discretion" (Matter of Ceccato v Outokumpu Am. Brass, 79 AD3d 1324, 1324 [2010] [internal quotation marks and citations omitted]). Aliah's June 2018 application sought review of WCLJ decisions filed in 2015 and 2016, was submitted well beyond the 30-day filing window and was clearly untimely. Although Aliah argues that it was misinformed that County Agency and that entity's workers' compensation carrier would be handling the underlying claim upon Aliah's behalf and erroneously believed that its interests in this matter were being protected, Aliah neither denies receiving each of the WCLJ decisions at issue, asserts that such decisions were mailed to an incorrect address nor offers a persuasive explanation for the more than two-year delay in seeking Board review. Under these circumstances, we cannot say that the Board abused its discretion in denying Aliah's application for review as untimely (see Matter of D'Addio v Peter Annis, Inc., 105 AD3d at 1114). As a result, we need not reach the other issues raised by Aliah in its brief.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: A separate application for Board review — not at issue here — was filed by Aliah in October 2018.

Footnote 2: In its appellate brief to this Court, Aliah does not address the denial of its application for reconsideration and/or full Board review and, therefore, we deem its appeal from that decision to be abandoned (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1360 [2018], lv denied 32 NY3d 914 [2019]).