Matter of Golisano v ABX Innovative Packaging Solutions LLC (2024 NY Slip Op 00831)

Matter of Golisano v ABX Innovative Packaging Solutions LLC

2024 NY Slip Op 00831

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-22-1926
[*1]In the Matter of the Claim of Jason R. Golisano, Claimant,
v
ABX Innovative Packaging Solutions LLC et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Pillinger Miller Tarallo, LLP, Elmsford (Anthony M. Napoli of counsel), for appellants.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed September 19, 2022, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant filed a claim for workers' compensation benefits in August 2021 alleging that he sustained work-related injuries to his left wrist and hand. In a decision filed on September 30, 2021, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for an injury to claimant's left wrist. On November 3, 2021, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application for review of the WCLJ's decision with the Workers' Compensation Board. The Board denied the application as untimely, and the carrier appeals.
We affirm. It is well established that "[a] party seeking review of a WCLJ's decision is required to file an application for review with the Board within 30 days of the filing of the decision" (Matter of Zuniga v Aliah Home Care Inc., 183 AD3d 983, 984 [3d Dept 2020] [internal quotation marks and citations omitted], lv denied 36 NY3d 904 [2020]; accord Matter of D'Addio v Peter Annis, Inc., 105 AD3d 1113, 1114 [3d Dept 2013]; see Workers' Compensation Law § 23; 12 NYCRR 300.13 [b] [3] [i]). "The Board is vested with broad discretion to accept or reject as untimely an application for review and, absent an abuse of such discretion, the Board's decision will not be disturbed" (Matter of Rodriguez v American Bridge Co., 213 AD3d 1118, 1120 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Zuniga v Aliah Home Care Inc., 183 AD3d at 984). Here, it is undisputed that the application for review was filed beyond the 30-day limit. Although the carrier contends that the Board should have exercised its discretion and accepted the untimely application, citing the short delay and the COVID-19 pandemic,[FN1] we cannot conclude that the Board erred or abused its discretion in declining to do so (see Matter of Rodriguez v American Bridge Co., 213 AD3d at 1120; Matter of Ceccato v Outokumpu Am. Brass, 79 AD3d 1324, 1324-1325 [3d Dept 2010]). "To the extent that the carrier notes that the Board has on prior occasions elected to entertain untimely applications in the interest of justice (see Workers' Compensation Law § 123), the Board's exercise of such power is an inherently discretionary act" (Matter of D'Addio v Peter Annis, Inc., 105 AD3d at 1114-1115 [citation omitted]). Finding no abuse of that discretion by the Board, we need not address the carrier's remaining contentions.
Egan Jr., J.P., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: In citing the COVID-19 pandemic, the carrier generalizes that it was "an extraordinary time," but does not explain how the pandemic actually prevented it from filing a timely application.